July Term,  not at law.  The remote assignor has the same defence in equity against the
1820.  remcte assignee, as against his immediate assignee; and he has a right to in-
sist that the other assignors be made parties.  *Riddle* v. *Mandeville*, 5 Cranch,

BUNTIN  322.
v.
DUCHANE.  (2)  *Mumford* v. *Fitzhugh*, 18 Johns. Rep. 457.  So where there is but one
count, and part is good and part bad, and the matters divisible; or several
breaches in covenant, some well assigned, others not; if the defendant demur
generally to the whole, the plaintiff will have judgment.  *Duppa* v. *Mayo*, 1
Will. Saund. 286, and note 9 —*Pinkney* v. The Inhabitants of *Rutland*, 2
Will. Saund. 379, and note 14.—*Powdick* v. *Lyon*, 11 East, 565.—1 Chitt.
Plead. 643.—*Amory* v. *Brodrick*, 5 Barnew. and Ald. 712.—*Martin* v. *Willi-
ams*, 13 Johns. Rep. 264.

---

(1)  1 Chitt. Plead. 195.—*Kendal* v. *Talbot*, 1 Marsh. Ky. Rep. 321.

---

BUNTIN and Another *v.* DUCHANE.

In trespass for *mesne profits*, the recovery in *ejectment* is conclusive against the
defendant, as to title, from the time of the demise.

The issue on the *vi et armis* in trespass, is only matter of form; and in prac-
tice nothing is ever found on that issue.

In an action for *mesne profits*, the defendant may show, in mitigation of da-
mages, that his possession was under a judgment of a competent tribunal.

*Tuesday,*  ERROR to the *Knox* Circuit Court.—Trespass for *mesne pro-
July 18.*  fits*, by *Duchane* against *Buntin* and *Dubois*, after a recovery in
ejectment.  The declaration was not only for the rents, issues,

and profits, but for specified injuries done to the premises,
and for the costs of the ejectment. The defendants below, as
to the force and arms, pleaded not guilty; and as to the residue,
they pleaded in justification, a judgment in their favour against
the plaintiff, by two justices of the peace, in an action of forci-
ble entry and detainer. The plaintiff joined issue as to the
force and arms, and replied to the justification, a subsequent
recovery against the defendants, in an action of ejectment. Gen-
eral demurrer to the replication, and judgment for the plaintiff.
A writ of inquiry was awarded, without any notice being ta-
ken of the issue, as to the force and arms. Upon the execu-
tion of the writ of inquiry, the defendants offered to prove, in
mitigation of damages, that they had entered into possession by
virtue of the judgment in forcible entry and detainer, but the
evidence was objected to, and the objection sustained. The da-
mages were assessed at 576 dollars, and the plaintiff (defendant
in error) had judgment accordingly.

HOLMAN, J.—The decision of the Court overruling the demur-
rer, is the first error assigned. The correctness of the decision
depends on the nature of the plea. If that plea was a perpetu-
al bar to the action, the replication of special matter in avoid-
ance, was inadmissible; but if the judgment set forth in the plea,
was, in its nature, limited to the possession of the premises for
the time being, this consequence does not follow; for a supe-
rior right may be shown in an action of a higher nature, which,
without controverting the judgment of the justices, settles the
rights of the contending parties to the possession of the premi-
ses, on principles which may have been without the jurisdiction
of the Court, in the action of forcible entry and detainer. And
such is the fact in the present instance. The judgment of the
justices was a good plea in bar to the action; but its effect was
subject to be destroyed by the judgment in the action of eject-
ment, which placed the rights of the parties on a more perma-
nent foundation. The replication was, therefore, a conclusive
answer to the plea, and the demurrer correctly overruled.

The failure of the Court to have the issue on the force and
arms tried, is also assigned as error; but on looking into the
books we can see nothing in the objection. The issue is imma-
terial; it never stands alone, but rests for support on the justi-
fication that follows, and invariably shares its fate, standing or
falling with it (1).

July Term, 1820.

The refusal of the Court to admit the evidence offered in mitigation of damages, is also assigned for error. In this the Circuit Court acted incorrectly. The plaintiff in this action has a right to recover the rents and profits of the premises, during the time he has been kept out of possession, together with costs; but the jury are not restricted to the rents, profits, and costs, but may exceed them, and give damages by way of punishing the ejectors (2). The defendants, therefore, had an unquestionable right to show that they became possessed of the premises quietly, and by apparent right; and were not guilty of such force or violence as merited vindictive damages.

BLACKFORD, J., expressed no opinion, having been of counsel in the cause.

*Per Curiam.*—The judgment is reversed, and the inquisition set aside, with costs. Cause remanded for further proceedings.

*M'Donald* and *Tabbs*, for the plaintiffs.

*Dewey* and *Call*, for the defendant.

(1) Trespass *q. c. f.* To the force' and arms, &c., the defendant pleaded not guilty; and as to the breaking, &c., a justification; upon which issues were joined. The plaintiff contended he had the right to begin, as the affirmative of one of the issues lay upon him. *Bayley, J.*, said there was but one issue to be tried; the denial of the force and arms was not with a view to the cause, but was introduced to bar the claim on the part of the crown, to a fine for the trespass, and was quite dehors the cause, as between the parties; in practice nothing was ever found upon that issue.—The defendant accordingly opened his case. *Jackson* v. *Hesketh*, 2 Stark. Rep. 518.

(2) The action being trespass *vi et armis*, the verdict need not be confined to the *rent* of the premises, although the action is said to be for the *rents and profits;* but extra damages may be given, according to the circumstances of the case. *Goodtitle* v. *Tombs,* 3 Wils. 118.—Adams on Ejectment, 337, 338.